

UNITED STATES DISTRICT COURT
NEW YORK EASTERN DISTRICT

COGAN, J.

Mandela Brock,
                      **Plaintiff,**

    -against-

William DeBlasio (in his individual and official capacity), THE CITY OF NEW YORK, NYC POLICE DEPARTMENT, James P. O'Neill (in his individual and official capacity), Detective 'John Doe' Bennett of the 77ᵗʰ Precinct, Joseph Fucito (in his individual and official capacity), Deputy Sheriff Sargeant 'John Doe' Williams (in his individual capacity), John Doe 1-100 (in his individual capacity), Jane Doe 1-100 (in her individual capacity),
                      **Defendant(s)**

Case No. **CV 18-4768**

**COMPLAINT FOR VIOLATION OF THE KLU KLUX KLAN ACT OF 1871**

pursuant to Title 42 U.S.C. § 1983

**Jury Trial Demanded**

I, Mandela Brock, being duly affirmed deposes and says:

1. I am the plaintiff in the above-entitled action and I be personally familiar with the facts and circumstances herein stated.

2. The address where I may be reached at is 1898 Pacific Street, Brooklyn, NY 11233    Apt # 7 (MB)

3. The Plaintiff accepts the court's oath to "support the constitution of the United States and to faithfully discharge his/her duties as a District Court Judge and/or Magistrate.

4. The Plaintiff is a ;ayman in terms of the law and humbly requests the court's indulgence pursuant to the spirit of **HAINES V. KERNER** which states: "pro se pleadings should be construed to present the strongest claims that they suggest," and **JENKINS V. MCKEITHEN**, which states: "pro se pleadings are not to be held to the same high standards of perfection as lawyers."



1

## PRELIMINARY STATEMENT

1. Plaintiff, Mandela Brock, contends that on or about the 24th day of January, 2018, at approximately nineteen hundred hours (1900) the defendants did willfully and intentionally, jointly and severally, cause Plaintiff to be arrested, through what defendants calls a 'i-card' ("investigative card") where claimant was prejudicially and unlawfully arrested upon a non-judicial illegal and unlawful arrest warrant, charged with PL 120.14; 265.01; 240.26, and then held without counsel until released by Kings County Criminal when the District Attorney's office declined to prosecute. **EXHIBIT A**

2. The above-mentioned unlawful detention lasted until about the 25th day of January, 2018, at approximately twenty-two hundred hours.

3. The claimant, Mandela Brock, hereby charges all defendants with:
    a. False arrest
    b. Unlawful detention
    c. Kidnapping
    d. Failure to uphold their oaths
    e. Failure to properly investigate
    f. Perjury
    g. Official Misconduct
    h. Filing false documents

### Jurisdiction

4. The jurisdiction of the court is predicated upon 28 U.S.C. § 1331, 1343(a)(3-4) and 1367(a). This court additionally has supplemental jurisdiction of the New York State claims pursuant to 28 U.S.C. § 1367.

5. The acts complained of occurred in the Eastern District of New York venue can be properly lodge in the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b)(1), (c)(2).

2

### Jury Demand

6. Plaintiff demands trial by jury on this action.

### Parties

7. Plaintiff, Mandela Brock, is a National of the United States of America and is currently a transient domiciliary within New York City.

8. At all times relevant hereto, Defendant, William DeBlasio ("DEF 1") was the duly elected Mayor of the City of New York acting the capacity as agent, servant, and Chief Executive Officer of New York City. Within the scope of his employment as such he was and is acting 'under color of law'. Based on information and belief "DEF 1" was responsible for the hiring of James P. O'Neill as commissioner of the NYC Police Department ("NYPD").

9. At all times relevant hereto, the City of New York ("DEF 2"), was a municipal corporation that is the overseer of "NYPD".

10. At all times relevant hereto, "NYPD" ("DEF 3") was responsible, through it's senior officials at One Police Plaza, New York, NY, promulgates and implements policies, including those with respect to to the issuing of *i-cards*

11. At all relevant times hereto, Defendant James P. O'Neill ("DEF 4") was the Commissioner of "NYPD" acting in the capacity of agent, servant, and employee of "NYPD" within the scope of his employment as such, and acting 'under the color of law.' Based upon information and belief O'Neill, as commissioner of "NYPD", was responsible for the setting of policy, practice, supervision, and the implementation of all "NYPD" matter and was also responsible for hiring, training, supervision, and conduct of all "NYPD" personnel, including the supervisory defendants referenced herein.

12. At all relevant times hereto, 'John Doe' Bennett was a Detective at the 77th Precinct in Brooklyn, NY shield # "UNK", located at and acting in the capacity of agent, servant, and employee of "DEF 2 / the City" and "NYPD.", with the scope of his employment as such, and acting 'under the color of law'.

13. At all relevant times hereto, Joseph Fucito was a New York City Sheriff with offices located at 210 Joralemon St, Brooklyn, NY 11201 acting in the capacity of agent, servant, and employee of "THE CITY OF NEW YORK" within the scope of his employment as such, and acting 'under the color of law.' Based upon information and belief Joseph Fucito, as NYC Sheriff. was responsible for the setting of policy, practice, supervision, and the implementation of all NYC Sheriff matter and was also responsible for hiring, training, supervision, and conduct of all NYC Sheriff personnel, including the defendants referenced herein.

14. At all relevant times hereto, 'John Doe' Williams was a Deputy Sheriff Sargeant working under Sheriff Joseph Fucito 210 Joralemon St, Brooklyn, NY 11201.

15. At all relevant times hereto, DEF's "John Doe" and "Jane Doe" whose names and shield numbers Plaintiff is unable to ascertain at this time, but who is being sued in their individual capacities herein under the 'fictitious' names of "John and John Doe", was and still is agents, servants, and employees of "DEF 2 / the City" and of "NYPD" and the NYC Sheriff's office, within the scope of their employment as such, and acting 'under the color of law'. Defendants, William DeBlasio, the City, D.O.C., Joseph Fucito, and be known as "Supervisory Defendants".

16. Defendants, Robin Beaulieu, "Jane Doe" Richardson, "Jane Doe" Taylor, and the "Jane and John Doe's" 1-100 are collectively known as "Individual Defendants" and are being sued herein in their individual capacities.

## STATEMENT OF FACTS

17. As of the time that Plaintiff, Mandela Brock, was unconstitutionally subjected to punitive segregation, without 'just cause' or 'recourse', and stripped of ALL rights, privileges, and immunities guaranteed by the United States Constitution, the New York State Constitution, in

4

addition to federal and state law there was and continues to be a pervasive and distinct unwillingness of the "Supervisory Defendants" to obey the laws that govern them or to ensure that the "Individual Defendants", who they are mandated by law to supervise, follow the laws that govern.

18. Within ninety (90) days after the "false arrest", affirmed by Plaintiff, Notice was served upon the Defendants through the Comptroller's Office at One Centre Street, New York, NY 10007.

19. At least thirty (30) days have elapsed since the service of the Notice of Claim and adjustment of payment of the claim has been refused or neglected.

20. This action has been commenced within one (1) year and ninety (90) days after the happening of the events upon which the claims are based.

### FIRST CLAIM FOR RELIEF
**Title 42 U.S.C. § 1983/ Fifth and Fourteenth Amendments: 'Due Process' (Against ALL Defendants "Supervisory and Individual")**

21. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

22. By reason of the foregoing, by compelling Plaintiff, through force and with the threat of force, into an unlawful detention

23. The "Individual Defendants" acted under pretense and 'the color of law' in their individual and official capacities and within the scope of their employment as "Sheriff's Office" and "NYPD" staff. Said acts by the "Individual Defendants" were beyond their scope of the jurisdiction, without the authority of the law, and in abuse of their powers. The "Individual Defendants" acted willfully, knowingly, and with specific intent to deprive Plaintiff of his constitutional and human rights the guaranteed by the United States Constitution and securely enforced by Title 42 U.S.C. § 1983.

24. The "Supervisory Defendants" knew, or very well should have known, that it was unlawful therefore unconstitutional to deprive Plaintiff of his rights, privileges, and immunities in the above-mentioned manner.

25. The direct authorization from "Supervisory Defendants" to "Individual Defendants" created an institutional rule that issues an non-judicial arrest warrant without 'just cause' or 'recourse' and depriving Plaintiff of rights, privileges, and immunities that are securely enforced by Title 42 U.S.C. § 1983 and guaranteed to EVERY national and citizen of the United States of America.

26. The "Supervisory Defendants" are aware of the pre-existing systematic pattern of abuse within the "NYPD" and their direct authorization of "i-cards" further encourages unlawful behavior by their subordinates. The "Supervisory Defendants" conduct has been a substantial factor in the continuation of such abuse of power and a proximate cause of the constitutional violations alleged in this complaint.

27. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

### SECOND CLAIM FOR RELIEF
**Title 42 U.S.C. § 1983/ Eighth, Ninth, and Tenth Article of the Universal Declaration of Human Rights : 'Due Process'**
**(Against ALL Defendants "Supervisory and Individual")**

28. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

29. By reason of the foregoing, by unlawfully depriving Plaintiff of his liberty without affording him the right to an effective remedy by a competent tribunal. The direct authorization from "Supervisory Defendants" to "Individual Defendants" created the atmosphere of lawlessness for the continued deprivation of Plaintiff's rights' privileges, and immunities. The "Supervisory Defendants" conduct has been a substantial factor in the continuation of such abuse of power and a proximate cause of the violations alleged in this complaint.

6

30. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

## THIRD CLAIM FOR RELIEF
**Title 42 U.S.C. § 1983/ Fifth and Fourteenth Amendments & Eighth, Ninth, and Tenth Article of the Universal Declaration of Human Rights : '*Due Process*' (Against Defendants 1, 4. & 5)**

31. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

32. "DEF 1", William DeBlasio, and "DEF 2" the "City", through "DEF 3", and acting under the pretense and color of law, permitted, tolerated, and was deliberately indifferent to a clear pattern of staff abuse by "NYPD" staff at the time of Plaintiff's 'unlawful detention'. This widespread tolerance of the "NYPD" police officer's abuse of minorities constituted a municipal policy, practice, and custom which led to Plaintiff's 'unlawful detention'.

33. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

## FOURTH CLAIM FOR RELIEF
**Title 42 U.S.C. § 1983/ Fifth and Fourteenth Amendments: '*Due Process*' (Against ALL Defendants: Supervisory and Individual)**

34. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

35. By unlawfully placing Plaintiff, Mandela Brock, into 'unlawful detention' without 'just cause' or 'recourse' **AND THEN** denying Plaintiff 'meaningful access to the courts and by allowing the other "Individual Defendants" to deny Plaintiff 'meaningful access to the courts and legal materials' the "Supervisory Defendants" aided and abetted the "Individual Defendants" in the deprivation of Plaintiff's rights, privileges, and immunities guaranteed to every national and citizen of the United States of America.

7

36. The "Individual Defendants" acted under misrepresentation and 'color of law' in their individual capacities and within the scope of their employment as "D.O.C." officers and employees. Said acts by "Individual Defendants" were beyond the scope of their jurisdiction, without the authority of law, and in abuse of their powers. The "Individual Defendants" acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights, privileges, and immunities that is secured by the Klu Klux Klan Act of 1871 and steadfastly enforced by Title 42 U.S.C. § 1983.

37. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

## FIFTH CLAIM FOR RELIEF
Title 42 U.S.C. § 1983/ Fifth and Eighth Amendment: '*Cruel and Unusual Punishment*' (Against ALL Defendants: Supervisory and Individual)

38. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

39. By reason of the foregoing, through force and the threat of force, Plaintiff was constrained by the 'cruel and unusual punishment' of 'unlawful detention' 'without just cause' thereby the "Supervisory and Individual Defendants" acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights, privileges, and immunities that is secured by the Klu Klux Klan Act of 1871 and steadfastly enforced by Title 42 U.S.C. § 1983.

40. The "Individual Defendants" acted 'under the pretense and color of law' in their individual and official capacities and within the scope of their employment as "NYPD"/ "Sheriff" officers and employees. Said acts by the "Individual Defendants" were beyond the scope of their jurisdiction and without the authority of law, and in abuse of their powers.

41. The "Individual Defendants" acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights, privileges, and immunities that is secured by the Klu Klux Klan Act of 1871 and steadfastly enforced by Title 42 U.S.C. § 1983.

8

42. Further the "Supervisory Defendants" knew or damn well should have known that it was highly unlawful and 'repugnant to the constitution' to willfully and intentionally deprive Plaintiff of his rights privileges, and immunities.

43. The "Supervisory Defendants" are aware of the pre-existing systematic pattern of abuse within "NYPD" that includes widescale 'stop and frisk without just cause' and their direct authorization of "non-judicial arrest warrants " further encourages unlawful behavior by their subordinates. The "Supervisory Defendants" conduct has been a substantial factor in the continuation of such abuse of power and a proximate cause of the constitutional violations alleged in this complaint.

44. The "Supervisory Defendant's" conduct has been a substantial factor in the continuation of such abuse of power and a proximate cause of the continued constitutional violations alleged in this complaint.

45. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

### SIXTH CLAIM FOR RELIEF
Title 42 U.S.C. § 1983/ Article Five (5) of the Universal Declaration of Human Rights: '**Torture or _Cruel and Unusual Punishment_**' (Against ALL Defendants: Supervisory and Individual)

46. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

47. William DeBlasio or "DEF 1", who acts through the "City" or "DEF 2" who acts through "NYPD" or "DEF 3" and acting 'under the pretense and color of law' permitted, tolerated, and was deliberately indifferent to the clear pattern of abuse by "NYPD " staff at the time of Plaintiff's 'punitive segregation'. This widespread tolerance of NYPD police officer abuse of minorities which constitutes a municipal policy, practice, and custom which led to Plaintiff's 'unlawful detention'.

9

48. By permitting, tolerating, and sanctioning a persistent and widespread policy, practice, and custom of abuse, Plaintiff was subjected to a '*brutal form of psychological torture*' id est 'false arrest and unlawful detention'. Defendants William DeBlasio, the City, and "NYPD" has deprived as well as aided and abetted the willingful and intentional deprivation of Plaintiff's rights, privileges, and immunities guaranteed to every citizen and or True and Living Sentient Human Being of the United States of America enacted as the Klu Klux Klan Act of 1871 and steadfastly enforced by Title 42 U.S.C. § 1983.

49. Defendants 1-3, as the employers of the "Individual Defendants" are responsible for their wrong doings under the doctrine of *respondeat superior*.

50. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

**WHEREFORE**, Plaintiff, Mandela Brock, requests that the court grant relief, jointly and severally, against ALL defendants. An order awarding Plaintiff reasonable attorney fees together with the costs of this action.

Such other and further relief as the Court may deem appropriate.

Dated this ___8/20/18___

Mandela T. Brock
*Sui Juris, In Propria Persona; Without Prejudice*
1990 Adam Clayton Powell Jr. Blvd., #2B
New York, NY 10026
347-687-8078
929-250-8828
mandela-brock@mymail.berkeleycollege.edu

EXHIBIT A

EXHIBIT A



**DISTRICT ATTORNEY**
**KINGS COUNTY**
350 JAY STREET
BROOKLYN, NY 11201-2908
(718) 250-2000
WWW.BROOKLYNDA.ORG

**Eric Gonzalez**
District Attorney

March 3, 2018

Mandel Brock
1898 Pacific Street, #7
Brooklyn, NY 11233

Re: **Brock, Mandel**
    **Arrest No. K18605338**

Dear Sir/Madam:

This letter is in response to your request for information regarding the above-referenced arrest of **January 24, 2018**.

Please be advised that a review of the records of the Kings County District Attorney's Office indicate that a prosecution arising out of this arrest has been declined.

Sincerely,

Natasha Low
Deputy Bureau Chief
Early Case Assessment Bureau
(718) 250-3500

NL:nt



**DISTRICT ATTORNEY
KINGS COUNTY**
350 JAY STREET
BROOKLYN, NY 11201-2908
(718) 250-2000
WWW.BROOKLYNDA.ORG

**Eric Gonzalez**
District Attorney

March 3, 2018

Re:   **Brock, Mandel**
      **Arrest No. K18605338**
      **Arrest Date: January 24, 2018**

To Whom It May Concern:

Please be advised that the District Attorney's Office does not use a raised seal and/or certify correspondence.

The attached declined prosecution (343) letter with original signature is the only disposition letter we provide for such arrests.

Sincerely,

Natasha Low
Deputy Bureau Chief
Early Case Assessment Bureau
(718) 250-3500

NL:nt